IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-826 GMS |
| | ) | |
| MBNA AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

1. On July 6, 2004, Raymond McKinney ("McKinney") filed a complaint against MBNA America, Inc. ("MBNA"), alleging racial discrimination and retaliation on the part of MBNA, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and the Delaware Discrimination Act, Del. C. Ann. tit. 19 § 711. According to the court's docket, no summons was issued.

2. On October 2, 2004, McKinney's counsel mailed a request for waiver of summons to MBNA's Custodian of Record. MBNA did not sign and return the waiver of summons. Thus, on November 16, 2004, McKinney served MBNA's custodian of records with a form of summons and copy of the complaint. The summons, while identifying the court and the parties, was not signed or sealed by the Clerk of the Court and had no date. (D.I. 6, Ex. 5.)

3. On December 17, 2004, MBNA filed a Motion to Dismiss the Complaint (D.I. 5) for lack of personal jurisdiction and for failure to effect timely service. MBNA asserts that personal jurisdiction is lacking because McKinney failed to obtain a summons signed by the clerk of the court and bearing the seal of the court and, therefore, failed to obtain valid process from

the court. (D.I. 6, at 5.) The motion further asserts that McKinney failed to effect timely service of process as required under Rule 4(m) of the Federal Rules of Civil Procedure, because MBNA was not served with the complaint until November 16, 2004, 131 days after it was filed. (*Id.* at 3, 6.)

4. On January 21, 2005, McKinney filed a Response in Opposition (D.I. 8) to MBNA's motion, as well as an Opening Brief (D.I. 9) in support of his opposition. McKinney argues that the court should deny MBNA's motion to dismiss because the relevant factors that the court must consider in determining whether to grant him an extension of time for re-service weigh in his favor. (D.I. 9, at 4.) McKinney, however, makes no arguments regarding MBNA's contention that the court lacks personal jurisdiction.

5. Federal Rule of Civil Procedure 4(a) sets for the procedure by which a court obtains personal jurisdiction over a defendant, and provides, in pertinent part: "[t]he summons shall be signed by the court, bear the seal of the court, identify the court an the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney. . . ." Fed. R. Civ. P. 4(a). Additionally, "the Commentaries to the Rule point out [that] the Rule is comprehensive and 'a mistake in its use can be fatal.'" *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (citing Fed. R. Civ. P. 4 28 U.S.C.A. Practice Commentary C4-1 (1992 & Supp. 1996)).

6. In *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996), the Third Circuit addressed whether a district court had personal jurisdiction over a defendant when the plaintiff failed to obtain a signed and sealed summons, holding that "[a] summons which is not signed and sealed by the Clerk of Court does not confer personal jurisdiction over the defendant." 99

F.3d at 569. The court further held that "[u]pon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under [Federal Rule of Civil Procedure] 12(b)(2)." *Id.* Lastly, the court held that under circumstances where the plaintiff has failed to obtain a signed and sealed summons, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." *Id.*

5. In the present case, McKinney has presented no evidence demonstrating that he obtained a summons signed and sealed by the clerk of the court when he filed his complaint. As such, the court does not have personal jurisdiction over MBNA and this action must be dismissed under Federal Rule of Civil Procedure 12(b)(2).

Therefore, IT IS HEREBY ORDERED that:

1. MBNA's Motion to Dismiss (D.I. 5) is GRANTED.

2. The plaintiff's claims against MBNA are dismissed without prejudice.

Dated: September 22, 2005

UNITED STATES DISTRICT JUDGE

FILED
SEP 2 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE